## Miller, Appellant, *v.* Preston.

*Judgment—Satisfaction of—Attorney at law—Agent.*

Where money is paid in good faith by the defendant in a judgment to an attorney who enters his appearance on record for plaintiff and the attorney satisfies the judgment and pays the money over to a person who is apparently plaintiff's agent, plaintiff cannot, three years after the death of the attorney, have the satisfaction stricken off on the ground that he never received the money, that the party who received it was not his agent and that he had not employed the attorney, the evidence showing that the party who received the money acted as plaintiff's agent in lending and collecting the interest.

Argued Jan. 25, 1893.    Appeal, No. 73, Jan. T., 1893, by plaintiff, William Miller, from order of C. P. No. 1, Phila. Co., March T., 1886, No. 632, refusing to strike off the entry of satisfaction of a judgment against defendant, Wm. H. Preston. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MC-COLLUM, MITCHELL and DEAN, JJ.

Rule to strike off entry of satisfaction of judgment.

From the depositions in support of the rule it appeared that, in 1886, Thomas N. Allison, a conveyancer and real estate broker, acted as the agent of plaintiff in lending to defendant $350, which was secured by a judgment note immediately entered up.   Defendant paid interest on the note to Allison, and did not know plaintiff.   In 1888 defendant's widow and heirs, desiring to borrow money on mortgage to pay off incumbrances, employed James P. Dolman, a member of the bar, as a broker to procure the loan.   Mr. Dolman succeeded in procuring the money, and the mortgagee's attorney in making searches found plaintiff's judgment.   The mortgagee paid the amount of the judgment to James P. Dolman, who entered his appearance for plaintiff and satisfied the judgment.   Dolman subsequently paid over the fund to Allison, who absconded.   The court discharged the rule to strike off satisfaction.

*Error assigned* was above order of court.

*Frederick A. Sobernheimer,* for appellant, cited: Cooley v. Willard, 34 Ill. 69 ; Brewster v. Carnes, 103 N. Y. 556 ; Smith v. Kidd, 68 N. Y. 130 ; Baer v. Kistler, 4 Rawle, 365.

*John Dolman,* for appellee, cited : Morris v. Barnard, 15 W.
N. 79 ; Hamilton v. Wright, 37 N. Y. 502 ; Turner v. Caruth-
ers, 17 Cal. 432 ; People v. Mariposa Co., 39 Cal. 683 ; Harris
v. Galbraith, 43 Ill. 309 ; Ferguson v. Crawford, 7 Hun, 25 ;
R. R. Co. v. Christman, 4 Penny. 271 ; Bracken v. City, 27
Pitts. L. J. 202 ; Hatch v. Stitt, 66 Pa. 264 ; R. R. Co. v.
Christman, 4 Penny. 271 ; Bracken v. City, 27 Pitts. L. J. 202 ;
Hamilton v. Wright, 37 N. Y. 502 ; Mooney v. Carlin, 1 W.
N. 92.

Per Curiam, February 6, 1893 :

We think the court below was right in refusing to strike off
the entry of satisfaction of the judgment.   The judgment had
been satisfied by a reputable member of the bar after having
entered an appearance for the plaintiff.   After the judgment
had been so satisfied, and upon the faith of it, a mortgage loan
was made upon the property which had been bound by the
judgment.   All this appears to have been done in entire good
faith.   The money due upon the judgment was received by
Mr. James P. Dolman, the attorney who entered the satisfac-
tion, and was paid over by him in good faith to Mr. Allison, at
that time a reputable real estate agent and conveyancer, and
who was supposed to be the plaintiff's agent.   Allison retained
the money and subsequently disappeared.   The plaintiff never
received it, and now, after the lapse of several years, and the
death of the attorney, claims to have the satisfaction stricken
off.   There was some evidence to show that Allison was plain-
tiff's agent.   He acted as such in the matter of the loan of the
$350, upon the judgment, and while the proof of agency was
not very clear, we think, under the circumstances of Allison's
flight, and the death of the attorney, who cannot now be called
to prove his authority, it was sufficient to justify the court be-
low in refusing to strike off the satisfaction.   Aside from this,
when an attorney at law enters his appearance in a case and
satisfies a judgment, there is a presumption that he acted by
authority.   He is an officer of the court, and what he does in
the course of his business is presumed to be by authority of his
client.   There is, at least, a prima facie presumption of author-
ity.   We act upon this presumption in the every-day business
of life.   The conveyancer who goes to a record and finds a sat-

isfaction regularly entered by an attorney, is not bound to follow it up by inquiring if the attorney had authority. It would create endless confusion, if the satisfaction of a judgment could be stricken off in this manner, years after it had been entered, and the attorney in his grave.

The order is affirmed.