# Summerville, Appellant, *v.* Galey.

*Judgment—Satisfaction of judgment—Striking off satisfaction—Attorney at law—Laches.*

The rule that without previous special authority, or subsequent ratification, an attorney cannot compromise a judgment and satisfy the same on payment of a part thereof, does not apply where it appears that the plaintiff took no step to set aside the satisfaction until ten years after the satisfaction was entered, and seven years after the death of the attorney, that he made no claim against the estate of the attorney at any time, and that the judgment still remained unsatisfied as to four of the original codefendants.

Argued April 21, 1910. Appeal, No. 87, April T., 1910, by plaintiff, from order of C. P. No. 1, Allegheny Co., June T., 1896, No. 889, discharging rule to set aside satisfaction of judgment in case of Thomas E. Summerville, for use of E. R. Summerville v. George Galey et al., partners doing business as the Stanley Oil Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Rule to set aside satisfaction of judgment.

The opinion of the Superior Court states the case.

*Error assigned* was the order discharging the rule.

*Thomas F. Garrahan*, with him *Langfitt & McIntosh*, for appellant.—An attorney of record cannot satisfy a judgment for a less amount than was due thereon, without express authority or subsequent ratification: Stackhouse v. O'Hara, 14 Pa. 88; Campbell's App., 29 Pa. 401; Stokely v. Robinson, 34 Pa. 315; Dollar Savings Bank v. Robb, 4 Brewster, 106; Housenick v. Miller, 93 Pa. 514; Mackey v. Adair, 99 Pa. 143; North Whitehall Twp. v. Keller, 100 Pa. 105; Isaacs v. Zugsmith, 103 Pa. 77; Marr v. Marr, 103 Pa. 463; Brockley v. Brockley, 122 Pa. 1; Ely v. Lamb, 10 Pa. C. C. Rep. 209; Maxfield v. Carr, 8 Kulp, 214.

*Frank Thomson*, of *Thomson & Thomson*, for appellee.—
The attorney is presumed to have had authority to do
what he did and that after a lapse of these years, when his
lips are sealed, this use plaintiff cannot now be heard to
question his authority or repudiate his acts: Miller v.
Preston, 154 Pa. 63.

OPINION BY BEAVER, J., December 12, 1910:

Upon the application of the use plaintiff, a rule was
granted to show cause why the satisfaction of a judgment
against the Stanley Oil Company, of which one George
Galey was a partner, should not be set aside as to the
said Galey. Testimony was taken upon both sides and,
after argument and consideration, the court discharged
the rule.

It appears by the record that Thomas E. Summerville,
the legal plaintiff in this case, obtained judgment against
six several defendants, doing business as the Stanley Oil
Company, of whom George Galey was one. The judg-
ment was originally obtained before an alderman or
justice of the peace. An appeal was taken which, after
regular pleadings, was brought forward to trial, when
judgment was recovered, February 28, 1898, by reason of
the failure of the defendants to appear.

It is admitted that J. R. Henderson was the attorney
of the legal plaintiff.

On March 11, 1898, the judgment as to John Connell,
one of the defendants, was satisfied by the legal plaintiff,
in consideration of the payment of $67.00.

March 12, 1898, the legal plaintiff assigned the judg-
ment, debt and interest, to his wife, E. R. Summer-
ville.

March 28, 1898, upon the affidavit of J. R. Henderson,
attorney for plaintiff, a writ of testatum fi. fa. was issued
against George Galey and others to the sheriff of Beaver
county, which was controlled by L. E. Grim, an attorney
of that county, in whose hands the same was placed by
J. R. Henderson, Esq.

April 13, 1898, attorney Grim gave to the father of the defendant, George Galey, the receipt which follows:

"April 13, 1898, received of Geo. Galey, by check of Robt. Galey, the sum of one hundred and twenty-five dollars, in full of George Galey's share of judgment No. 889, June term 1896, in Allegheny county, Thomas E. Summerville, for use of E. R. Summerville v. The Stanley Oil Co. This settlement of Geo Galey's share being made by authority of J. R. Henderson, 524 Fourth Ave., Pitts. Atty. for pltff."

On the next day, Grim forwarded to Henderson a check upon the First National Bank of Beaver for $112.50, being the net proceeds of the amount received from Galey and, on the following day, April 15, 1889, the satisfaction of the said judgment as to George Galey, one of the defendants, was duly entered of record in Allegheny county, by J. R. Henderson, plaintiff's attorney.

In August, 1901, as appears by the testimony, and is not denied, J. R. Henderson died.

It also appears by the testimony that L. E. Grim is also dead.

The estate of J. R. Henderson was settled by his administrator in due course, there being in his hands for distribution a balance of $1352.97, which distribution was made in the orphans' court of Allegheny county in 1903. No claim, it appears by the testimony, was made at the time of the distribution on behalf of the plaintiff. From the time the amount paid by Galey to Grim was received by Henderson, until June 27, 1908, more than ten years, nothing seems to have been done by the plaintiff looking toward the collection of the judgment or any demand upon Henderson, or the administrator of his estate, for the amount received by him.

Both the legal and equitable plaintiffs were examined on the part of the petitioner for the rule, by whose testimony it appears that, although Henderson was not authorized either by the legal or equitable plaintiff to continue as the attorney of the latter, there is no evidence

that any other attorney was either authorized or did appear for her, nor does the legal plaintiff, who was the agent of his wife, allege that Henderson's authority to act for the plaintiff, as the attorney of record, was revoked. In an opinion filed by the judge of the court below, who heard the case, it is said: "Henderson was the attorney of record. His appearance was general and, therefore, stood for all parties in interest. He had conducted the proceedings and obtained the judgment, moreover had issued the testatum fi. fa. Galey had made payment to the attorney who represented the writ, upon the understanding and agreement that the payment was in satisfaction and release of his liability on the judgment. The attorney of record in the county where the judgment was obtained formally entered satisfaction, where it has since remained, as notice to the plaintiff, to his assignee, and to the whole world." As previously stated, satisfaction was also entered upon the record of the original judgment by Henderson.

The opinion continues: "While we recognize the general rule that, without previous special authority or subsequent ratification, an attorney cannot compromise a judgment and satisfy the same on payment of a part thereof, yet we are constrained to hold that the circumstances in this case bring it within the rule of Miller v. Preston, 154 Pa. 63. Ten years have elapsed since the entry of satisfaction on the face of the judgment. Henderson has been dead for seven years. Galey is precluded from having recourse to Henderson, if he acted without authority, or of disproving petitioner's allegation of a lack of authority.

"Mrs. Summerville was guilty of laches. The presumption of Henderson's authority warranted by the circumstances of this case has not been overcome."

The case of Miller v. Preston, 154 Pa. 63, seems to be strikingly in point. The consequences of the failure of the plaintiff to act, and to act promptly in disavowing the act of his attorney, under such circumstances, are clearly illustrated in that case. The Supreme Court, in

a per curiam opinion, says: "The judgment had been satisfied by a reputable member of the bar, after having entered an appearance for the plaintiff. After the judgment had been so satisfied, and upon the faith of it, a mortgage loan was made upon the property which had been bound by the judgment. All this appears to have been done in entire good faith. The money due upon the judgment was received by Mr. James P. Dolman, the attorney who entered the satisfaction, and was paid over by him in good faith to Mr. Allison, at that time a reputable real estate agent and conveyancer, and who was supposed to be the plaintiff's agent. Allison retained the money and subsequently disappeared. The plaintiff never received it, and now, after the lapse of several years, and the death of the attorney, claims to have the satisfaction stricken off. There was some evidence to show that Allison was plaintiff's agent. He acted as such in the matter of the loan of the $350, upon the judgment, and while the proof of agency was not very clear, we think, under the circumstances of Allison's flight, and the death of the attorney, who cannot now be called to prove his authority, it was sufficient to justify the court below in refusing to strike off the satisfaction. Aside from this, when an attorney at law enters his appearance in a case and satisfies a judgment, there is a presumption that he acted by authority. He is an officer of the court, and what he does in the course of his business is presumed to be by authority of his client. There is, at least, a prima facie presumption of authority. We act upon this presumption in the everyday business of life. The conveyancer who goes to a record and finds a satisfaction regularly entered by an attorney is not bound to follow it up by inquiring if the attorney had authority. It would create endless confusion, if the satisfaction of a judgment could be stricken off in this manner, years after it had been entered, and the attorney in his grave."

What the equitable plaintiff's claim against Henderson during his lifetime may have been, or against his estate

after his death, we need not now consider, but it seems to us that, after the lapse of ten years, with the judgment against four of the original defendants still in force, it would be a dangerous precedent to reverse the decree of the court below.

Decree affirmed and appeal dismissed, at the costs of the appellant.

RICE, P. J., dissenting:

I concur in the conclusion reached by the majority so far as the amount actually paid by the defendant is concerned, but I am unable to conclude that there is a presumption that the attorney had authority to satisfy the judgment upon payment of less than the amount due.