# Huntzinger, Appellant, v. Devlin.

*Attorney—Attorney and client—Agency—Authority of attorney to make contracts—Paper-books.*

A client is bound by a contract, made by his attorney with the printer for the printing of paper-books on the appeal of his case.

When an attorney is acting for the defendant up to judgment, and the client acts with him in the taking of an appeal, and the attorney orders the printing of the paper-books required by the rules of the appellate court, it is presumed he is acting under authority of his client. At least, ordering of the paper-books is within the scope of the attorney's authority.

Under an ordinary contract of employment an attorney has implied authority to incur reasonable expenses in conducting his client's case, although not expressly authorized to charge his client with the amount thereof. Such expenses include the printing of briefs, although not required by the rule of court, and similar disbursements.

Argued October 3, 1922. Appeal, No. 20, Oct. T., 1922, by plaintiff, from the judgment of the Municipal Court of Phila. Co., April T., 1921, No. 784, refusing to take off a compulsory nonsuit in the case of I. F. Huntzinger Company, a corporation, v. Edward A. Devlin. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

188     HUNTZINGER, Appellant, *v.* DEVLIN.

Statement of Facts—Opinion of the Court. [80 Pa. Superior Ct.

Assumpsit against a client for printing paper-books ordered by his attorney. Before MacNeille, J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment of nonsuit which it subsequently refused to strike off. Plaintiff appealed.

*Error assigned* was the order of the court.

*Maxwell Pestcoe,* for appellant.

*William B. Gery,* for appellee.

Opinion by Gawthrop, J., November 20, 1922:

This suit was in assumpsit to recover for printing paper-books ordered by defendant's attorney. Defendant was nonsuited. A rule to take off the nonsuit was discharged and this appeal followed. In our practice a nonsuit is in the nature of a judgment for defendant on demurrer to the evidence, the defendant being considered as admitting every fact which the evidence tends to prove. From the evidence in this record the jury would have been warranted in finding the following facts: In 1917 Lorenzo Anastasia brought suit against this defendant in the Court of Common Pleas of Philadelphia County. John F. Powell, Esquire, appeared of record as attorney for defendant. From the judgment entered against defendant in that suit, the attorney filed an appeal in this court as of No. 95, October Term, 1920, and defendant executed the affidavit and bond required in perfecting the appeal. Thereupon, the attorney ordered from the plaintiff here the paper-books used in the appeal to this court in the former suit and the plaintiff printed the same and charged therefor $347.05, which amount was a fair and reasonable market price.

In the face of such evidence, it was clear error to direct a nonsuit and refuse to remove it. The implied

authority of an attorney in this State is very broad as to those things which arise in the regular course of litigation and pertain to the conduct of an action: Gray v. Howell, 205 Pa. 211.   Where the relationship of an attorney and client exists, the client is bound, according to the ordinary rules of agency, by the acts of the attorney within the scope of the latter's authority. All persons employing an attorney are charged with notice of his usual and ordinary powers.   Secret limitations on his powers are not binding upon other persons dealing with him in good faith, believing that he possesses the usual and apparent authority of an attorney: 6 Corpus Juris, p. 636.   Under an ordinary contract of employment an attorney has implied authority to incur reasonable expenses in conducting his client's case, although not expressly authorized to charge his client with the amount thereof.   Such expenses cover the fees of referees, stenographers and expert witnesses; the services of a bookkeeper in examining partnership books; the printing of briefs, although not required by a rule of court; and similar disbursements: 6 Corpus Juris, p. 657, and cases there cited.   A leading case on the scope of authority of an attorney is Kissick v. Hunter, 184 Pa. 174.   The opinion was by Mr. Justice MITCHELL who spoke as follows: "The acts which an attorney may do by virtue of his retainer are readily distinguishable into two classes, first, those in which his authority is absolute and his action binding on the client without regard to the latter's consent in fact, and secondly, those in which he is presumed to be acting in accordance with his instructions, and which are therefore prima facie valid, but which the client may nevertheless disaffirm.   Of the first class are all the steps in the regular course of litigation, including even the giving up of technical, though substantial, advantages such as a nonsuit: Reinholdt v. Alberti, 1 Binn. 469.   The second class is not so capable of definition, but, in general, it embraces all such acts as are customary for attorneys to do, even though collateral to the technical course of procedure, and which do not

involve the sacrifice of the cause of action.  It is frequently said that the implied authority of the attorney does not extend beyond judgment, but this is too strong a statement.  No doubt the chief part of the authority of the retainer ordinarily ends with judgment, but not always.  Thus it has been often held that the plaintiff's attorney may collect the judgment, and a payment to him without execution, even long after the judgment, is a good payment to discharge the debtor......The office of a general retainer is to authorize the attorney to take care of the interests of his client in the litigation, pending or imminent, and in so doing to take all the steps necessary, or only usual and proper, to that end......  The office of a retainer for the defendant is equally broad......The interests of the defendant no more end with the judgment than those with the plaintiff, if in fact they are not even more vitally involved.  There is therefore no more reason why the attorney's authority should be arbitrarily held to terminate at this point in one case more than in the other."

When an attorney has been acting for the defendant up to judgment and the client acts with him in the taking of an appeal and the attorney orders the printing of the paper-books required by the rules of the appellate court, it is to be presumed that he is acting under authority from his client.  At least, the ordering of the paper-books is within the scope of the attorney's authority.  If it be true that the defendant here told his attorney that he would not pay the expenses of an appeal and the attorney took the appeal upon his own responsibility and agreed to pay the expenses thereof, this cannot affect the rights of the plaintiff who is an innocent third party.  If the attorney acted beyond the scope of his authority, the client's remedy is an action against his attorney.  There is no escape from the conclusion that the ordering of the paper-books was within the scope of the attorney's authority.

The first assignment of error is sustained and the judgment is reversed with a venire facias de novo.