## Trostle et al. v. Harbaugh et al.

*John P. Butt*, for plaintiffs; *John R. Jackson*, for defendants.

McPHERSON, P. J., October 20, 1930.—The above judgment was entered on a judgment note, given by defendants to the plaintiffs to secure the payment of $500 on the second day of April, 1909, and was revived March 27, 1914, amicably, by the defendants and William Hersh as attorney for the plaintiffs. Mr. Hersh at that time was a member of the Bar of Adams County in good standing. One of the defendants, P. H. Riley, had applied to William Hersh for a loan in the amount of the note, and the plaintiffs, through Mr. Hersh as their attorney, furnished the money.

A few days after the entry of the judgment, Mr. Hersh, on the authority of the plaintiffs, entered a notation on the record thereof as follows:

"It is hereby agreed by the plaintiffs in this judgment that the sum of $490.13 shall be for the use of Margie E. Trostle, and the balance of $9.87 to the use of Annie M. Trostle." Signed, "Wm. Hersh, Attorney for Annie M. Trostle and Margie E. Trostle."

After the revival of the judgment and prior to November 4, 1916, William Hersh, attorney, entered on the record thereof at various times releases of lien from the several tracts of land conveyed by the defendant, P. H. Riley, to various individuals, purporting therein to be acting on behalf of the plaintiffs.

On November 4, 1916, there was entered on the record of the judgment an assignment thereof to Clara Wagner, which was executed by William Hersh as attorney for the plaintiffs.

On March 29, 1917, a release of lien was entered on the record of the judgment by William Hersh, as attorney for the plaintiffs, from a tract of land conveyed to O. M. Stine by P. H. Riley.

On May 4, 1917, an assignment of the judgment to William Hersh, attorney, was entered on the record thereof, signed by William Hersh, attorney.

On August 16, 1917, William Hersh, attorney, assigned the said judgment on the record thereof to the Littlestown Savings Institution, and signed the same as "William Hersh, Atty."

On April 1, 1918, William Hersh, attorney, entered of record a satisfaction of said judgment as against Charles L. Harbaugh.

P. H. Riley, one of the defendants, was the father-in-law of Charles L. Harbaugh, the other defendant. The interest accruing on this loan was paid annually by P. H. Riley or Charles L. Harbaugh to William Hersh, and was paid by the latter to the plaintiffs.

Mr. Riley died in November, 1917, and letters of administration were issued on his estate to David Riley, a son, and O. M. Stine, a son-in-law. Mr. Hersh, having been the attorney of Mr. Riley during his lifetime, was retained by the administrators as their attorney in the settlement of the estate.

In the spring of 1918, upon the settlement of the estate, Mr. Hersh stated to the administrators and the persons interested in Mr. Riley's estate that the Trostle judgment would have to be paid. As a result of this, it was agreed that sufficient money from the share of Mrs. Harbaugh in the estate of her father should be applied to the payment of his judgment, and in pursuance thereof, on or about April 1, 1918, the amount of the judgment, principal, interest and costs, was turned over by Mrs. Harbaugh to Mr. Hersh in payment thereof.

Upon receipt of this money, Mr. Hersh told the Harbaughs that he would see that a satisfaction was entered on the record of the judgment. This he subsequently did, as of April 1, 1918.

After the entry of the satisfaction no further proceedings were had on the said judgment, and no revival thereof was had.

Subsequent to April 1, 1918, Mr. Hersh continued to pay to the plaintiffs interest on the sum of $500 annually as the interest on this particular judgment. When asked by Margie E. Trostle, one of the plaintiffs, as to the revival of judgments, Mr. Hersh said that he would attend to that.

After the payment by the defendant Harbaugh to Mr. Hersh, the former took no further interest in the matter, assuming that the payment was proper, had been properly applied and that he was no longer indebted on the judgment in question.

Prior to December, 1928, Margie E. Trostle, with her brother, who was also a client of Mr. Hersh, had the prothonotary's records examined in relation to

the judgments, which, according to Mr. Hersh's statements to them, represented the investments made by him for them. This examination disclosed the condition of this particular judgment, which has been outlined above. After securing this information, the plaintiff, Margie E. Trostle, demanded that Mr. Hersh collect all her investments which he represented, and pay her the money on January 15, 1929. At that time, or subsequently, Mr. Hersh told Miss Trostle that the investments ran from the first of April to the first of April, and that he could do nothing concerning the collection of them until the first of April, 1929. At this time Miss Trostle did not raise with Mr. Hersh any question as to his authority to deal with the judgment in question as has been above outlined; the demand was that Mr. Hersh pay her, or collect for her, the money which represented the amount of the investments made by him for her, and that she looked to Mr. Hersh for this money.

The plaintiff apparently trusted that Mr. Hersh would straighten the matter out for her, that the money would be secured and, still having confidence in his promise that the matter would be closed up on April 1st, no further action was taken by the plaintiffs in relation to the judgments.

In making the loan, or the collection of the interest, Miss Trostle never had any dealings with the defendants, and in fact knew neither of them. From the time Mr. Hersh began investing money for Miss Trostle until 1929, Mr. Hersh had not collected any principal of any of the plaintiff's loans to her knowledge, nor did she have any knowledge that Mr. Hersh had attempted to deal with the loans by assignment or by release prior to the time that she discovered this action on the part of Mr. Hersh upon an examination of the records of the prothonotary's office. No express authority was ever given by Miss Trostle to Mr. Hersh either to assign the judgment in question or to release its lien from any of the lands bound thereby.

On April 1, 1929, Mr. Hersh was unable to meet the demand of the plaintiff that the money invested by her should be collected and paid to her. On or about April 20, 1929, Mr. Hersh absconded, and on April 20, 1929, a petition was presented on behalf of Margie E. Trostle, one of the plaintiffs in the above judgment, for a rule on defendant, Charles L. Harbaugh, to show cause why the satisfaction entered on said judgment should not be stricken from the record so that she might revive the said judgment and continue the lien thereof.

The rule upon this petition was issued as requested. At the same time, and upon the same petition, rules were awarded against the owners of the tracts of land from which the lien of the judgment was released by entries on the record of the above judgment to cause the owners thereof to show cause why the said release of lien should not be stricken from the record. There was also a rule issued to Clara Wagner, the Littlestown Savings Institution and to William Hersh, attorney, to show cause why the assignments of this judgment to the respective persons named as above set forth should not be stricken from the record.

The rules were based on the allegations of the petition that the action on the part of Mr. Hersh was without authority from the petitioner, without her knowledge or consent, and, therefore, not legally binding upon her. No answer was filed to the rules issued to Clara Wagner and to William Hersh, attorney, nor was there an answer filed by William Wildasin and O. M. Stine, two owners of properties released from the lien of said judgment, according to the record as above set forth.

Lewis E. Tressler, another owner of land from which the judgment in question was released, together with the Littlestown Savings Institution, filed

answers to said rule, in which the allegations of the petition were denied and it was stated that the acts on the part of Mr. Hersh in relation to this judgment were done by authority of Margie E. Trostle, or that her subsequent action in relation to this judgment after knowledge of the state of the record was a ratification of said acts on the part of William Hersh, which were, therefore, acts of the plaintiffs by reason of which she is entitled to no relief.

Charles L. Harbaugh filed an answer which denied the allegations of the petition, alleging authority from the petitioner to Mr. Hersh to satisfy the judgment and the ratification of this act by the conduct of the plaintiff after she had knowledge of it, and that as against Charles L. Harbaugh her failure to notify him immediately, or within a reasonable time after she had secured knowledge of the entry of satisfaction of said judgment by Mr. Hersh, was a ratification of his act and also was an estoppel on her part to deny his authority to enter the satisfaction.

At the time this matter was argued, we were informed that neither the Littlestown Savings Institution nor Lewis C. Tressler was interested in the disposition of the matter, and, in so far as they were concerned, the rules issued to them might be made absolute; that Clara Wagner filed no answer in denial of the allegations of the petition, and waived any right to contest the truthfulness thereof, and as against her the rule might be made absolute.

The only questions left for disposition, therefore, are:

1. Whether or not the plaintiff, Margie E. Trostle, did authorize Mr. Hersh to deal with these judgments as her agent in accordance with his actions in relation thereto.

2. Whether her conduct in relation to the acts of Mr. Hersh in regard to the judgment after December, 1928, when she had knowledge of the satisfaction, was a ratification of the act of satisfaction.

3. Whether her failure immediately, or within a reasonable time, to notify the defendant, Charles L. Harbaugh, of lack of authority on the part of Mr. Hersh to enter satisfaction, repudiating the same, amounts to a ratification of the entry of the satisfaction.

4. Whether or not this line of conduct on the part of the plaintiff estopped her from questioning the authority of Mr. Hersh to enter satisfaction.

In the case of Miller v. Preston, 154 Pa. 63, 64, the Supreme Court says:

"When an attorney at law enters his appearance in a case and satisfies a judgment, there is a presumption that he acted by authority. He is an officer of the court, and what he does in the course of his business is presumed to be by authority of his client. There is, at least, a prima facie presumption of authority. We act upon this presumption in the every-day business of life. The conveyancer who goes to a record and finds a satisfaction regularly entered by an attorney, is not bound to follow it up by inquiry if the attorney had authority. It would create endless confusion, if the satisfaction of a judgment could be stricken off in this manner, years after it had been entered, and the attorney in his grave."

In the present case there was not only the entry of appearance by William Hersh as attorney, but also the notation on the docket of the interest of the two plaintiffs in the judgment made by him as their attorney. He also acted as attorney for the plaintiffs in the revival of the judgment by amicable process, with the defendant, signing the same as their attorney.

In view of the above facts and the authority of the above-cited case, the presumption arose that, in entering satisfaction of the judgment upon the payment to him of the full amount thereof, Mr. Hersh was acting within his authority from the client. Is this presumption rebutted? While in the testi-

mony taken Miss Trostle says that Mr. Hersh never had authority to collect the money the judgment represented, yet in view of her statement that she looked entirely to Mr. Hersh for the money and never had any thought of repudiating the act of Mr. Hersh in collecting this money, we are of the opinion that the presumption of his authority to satisfy is emphasized rather than rebutted. Besides, the failure of the plaintiff to secure from Mr. Hersh evidence of the revival of the judgment between 1909, the time of its entry, and 1928, the time of her examination of the records, does not appeal to the exercise of a discretion on the part of the court to relieve her from the situation which ordinary care and supervision by her could have in all probability avoided.

Being satisfied that the presumption of authority existing in this case has not been rebutted, we are of the opinion that the satisfaction entered should not be stricken off. In view of this conclusion, there is no occasion to pass upon the other questions raised by the defendant.

And now, October 20, 1930, rule discharged, at the costs of the plaintiff.
From C. E. Stahle, Gettysburg, Pa.