Messenger Publishing Company *v.* Walkinshaw, Appellant.

Argued April 17, 1931.

446

Before Trexler, P. J., Keller, Linn, Gaw-throp, Cunningham, Baldrige and Drew, JJ.

*Lewis C. Walkinshaw,* for appellant.

*E. Walker Smith,* for appellee.

Opinion by Drew, J., July 8, 1931:

The learned court below entered judgment for the plaintiff for want of a sufficient affidavit of defense, and defendant appealed.

The action is assumpsit for the cost of printing a paper book used on appeal in the case of Smith v. Smith, 294 Pa. 347. The statement of claim alleges that plaintiff published for defendant the paper book in said case; that the contract for same was made between plaintiff and defendant; that plaintiff received from defendant a letter signed by defendant, accepting the terms of the bid, and enclosing the contract for the same; and that defendant has not paid the amount due.

The affidavit of defense specifically denies each and every one of these allegations, for which reason the motion for judgment should have been discharged and the case put down for trial.

In addition, the defendant sets up in the affidavit of defense that he is an attorney-at-law, practicing in the courts of Pennsylvania, and as such, on behalf of his client, B. E. Smith, and at his direction, he took an appeal to the Supreme Court in said case of Smith v. Smith, which record is made a part of the affidavit of defense. This allegation, following the specific denial of having made the contract personally, required a jury trial because of the implied authority of a lawyer to incur reasonable and necessary expense in conducting his client's case. As said in Huntzinger v. Devlin, 80 Pa. Superior Ct. 187, ''When an attorney is acting for the defendant up to judgment, and the client acts with him in the taking of an appeal, and the attorney orders the printing of the paper books required by the rules of the appellate court, it is presumed he is acting under authority of his client. At least ordering of the paper books is within the scope of the attorney's authority.''

If, as alleged by the plaintiff, the contract was made personally by the attorney, and he pledged his credit for payment of the bill, he would be bound, but if, as alleged by the defendant, the contract was made by him as attorney for his client, the client would be bound. Only a jury can determine this controverted question, which is specifically raised by the pleadings.

Judgment reversed with a procedendo.