Netter, Executrix, *v.* Logan et al., Appellants.

Argued September 28, 1933.

Before
KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Edward Clark Lukens*, and with him *John Stokes Adams*, for appellant.

*Leonard Rice*, for appellee.

OPINION BY KELLER, J., December 16, 1933:

On October 25, 1929 C. B. D. Richardson, an attorney duly authorized to practice law in the courts of Philadelphia County, issued in the Court of Common Pleas No. 5 of that county to September Term 1929, No. 8073, a praecipe for a writ of scire facias sur mortgage covering premises 6140 Reinhard Street, Philadelphia. The plaintiff in the suit, on whose behalf he acted was 'Rebecca E. Netter, Assignee of Rebecca E. Netter, Executrix of Linda Einstein, who was the mortgagee. The defendant was George Logan, mortgagor, and Colman 'Feldman, real owner. An alias scire facias issued on November 15, 1929 and on December 24, 1929 judgment was entered against all

defendants by order of said C. B. D. Richardson, attorney for the plaintiff, for want of an appearance, on two returns of nihil habet, and damages assessed at $1,618.

On June 16, 1932 Colman Feldman, the real owner above-named, presented his petition to said court setting forth the facts above-mentioned and averring that on January 7, 1930 the petitioner had caused Integrity Trust Company, acting on his behalf, to execute and deliver his check to said C. B. D. Richardson, attorney for Rebecca E. Netter, for $1,600.75 in full satisfaction of said mortgage and judgment including costs of said foreclosure proceedings, which check was paid in due course; that said C. B. D. Richardson neglected and failed to cause said mortgage and judgment to be satisfied of record, and has since died; that petitioner had requested the said plaintiff to have the said mortgage and judgment satisfied of record, but that she had refused to do so; and praying for a rule on the above-named plaintiff to show cause why the said judgment should not be satisfied of record. To this petition Rebecca E. Netter, plaintiff in the judgment, on June 25, 1932, filed an answer setting forth that she had no knowledge of the petitioner having through the Integrity Trust Company given his check to C. B. D. Richardson for $1,600.75 in full satisfaction of said mortgage and judgment or that said check was paid in due course. She averred, however, that no such check was delivered to her by said C. B. D. Richardson, nor was C. B. D. Richardson authorized by her to begin foreclosure proceedings on said mortgage, nor did she authorize or empower him to collect said principal of said mortgage, or any part thereof, nor had she received the principal of said mortgage or any part thereof either from the said C. B. D. Richardson, or the petitioner or any other person. She admitted that the mortgage and judgment had not been satisfied of

record, but averred that she was ready and willing to satisfy the same upon payment to her of the principal and interest and satisfaction fee. She further averred that she had no knowledge that the petitioner claimed to have paid off said mortgage or any part thereof until several weeks after the death of said Richardson.

In depositions taken by the petitioner, said Rebecca E. Netter testified as under cross-examination that C. B. D. Richardson had been counsel for the estate of her sister, Linda Einstein, the mortgagee; that the mortgage in suit had never been in her own possession, but was always in the possession of Mr. Richardson, who collected the interest and mailed it to her; that "He was my lawyer in connection with this mortgage." All payments of interest had been made through him. She did not definitely testify that she had given no instructions to Mr. Richardson to collect the mortgage. She did say that she did not know that suit had been brought to foreclose the mortgage. She received the interest from Mr. Richardson regularly as it became due, after the assignment of the mortgage to her, up to July 1931. It was formally agreed on the record that the Integrity Trust Company, on behalf of the petitioner, who was the owner of the property, delivered its check, payable to the order of C. B. D. Richardson, attorney for Rebecca E. Netter, dated January 7, 1930, in the amount of $1,600.75 the full amount of the principal, interest and satisfaction fee of the mortgage on said premises held by the respondent Mrs. Netter; that said check was endorsed "Charles B. D. Richardson, attorney for Rebecca E. Netter," and under that, "Pay to the order of the Tradesmens National Bank and Trust Company, Philadelphia. C. B. D. Richardson."

The court treated the matter as if it were a rule to open the judgment, and having so considered it found that the evidence of the agency of the said Richard-

son on behalf of the respondent, Mrs. Netter, was not sufficient to warrant its satisfying the judgment or opening it, and discharged the rule. The court based its action on the cases of Williams v. Cook, 289 Pa. 207, 137 Atl. 232; Browne v. Hoekstra, 279 Pa. 418, 123 Atl. 861; and Mynick v. Bickings, 30 Pa. Superior Ct. 401. They are not applicable in this case. They relate to voluntary payments made by a mortgagor or owner of property to an attorney who had represented the mortgagee in securing the loan and was authorized to collect the interest, but who had no authority to collect the principal. They have no application to a case like the present one where the payment is made to an attorney-at-law, who is the attorney of record in a judgment obtained by him as such attorney for the plaintiff in the action. The mere fact that one may have been the attorney for a mortgagee in placing the mortgage does not make him her agent in receiving payments of the principal; but an attorney-at-law who is attorney of record in securing a judgment on behalf of his client does have the power and authority to collect the judgment and to satisfy it: Miller v. Preston, 154 Pa. 63, 25 Atl. 1041; Kissick v. Hunter, 184 Pa. 174, 39 Atl. 83. See Himes v. Herr, 3 Pa. Superior Ct. 124. The power to collect and satisfy the judgment is inherent in the power to bring the suit and no other proof is necessary. Hence the case of Dobbs v. Zink, 290 Pa. 243, 138 Atl. 758, relating to proof of agency relied on by the court below, is not in point. See also Huntzinger v. Devlin, 80 Pa. Superior Ct. 187. Had Richardson satisfied this judgment the plaintiff, Mrs. Netter, could not have had it stricken off on her mere allegation, or testimony, that she had not received the money nor employed the attorney to act on her behalf. It was held insufficient to do so in Miller v. Preston, supra. In that case, which was not as strong as this one, an attorney, James P.

Dolman, entered his appearance for the plaintiff *after* a judgment had been entered by confession. At the direction of one Allison, at that time a reputable real estate agent and conveyancer "who was supposed to be the plaintiff's agent," the money due upon the judgment was received by the attorney, who entered satisfaction, and then paid over the money in good faith to Allison, who never paid it to the plaintiff. The Supreme Court said: "There was some evidence to show that Allison was plaintiff's agent. He acted as such in the matter of the loan of the $350, upon the judgment, and while the proof of agency was not very clear, we think, under the circumstances of Allison's flight, and the death of the attorney, who cannot now be called to prove his authority, it was sufficient to justify the court below in refusing to strike off the satisfaction. Aside from this, when an attorney at law enters his appearance in a case and satisfies a judgment, there is a presumption that he acted by authority. He is an officer of the court, and what he does in the course of his business is presumed to be by authority of his client. There is, at least, a prima facie presumption of authority. We act upon this presumption in the every-day business of life. The conveyancer who goes to a record and finds a satisfaction regularly entered by an attorney, is not bound to follow it up by inquiring if the attorney had authority. It would create endless confusion, if the satisfaction of a judgment could be stricken off in this manner, years after it had been entered, and the attorney in his grave."

The plaintiff's testimony in her depositions was not as strong as the statements in her answer. She admitted that Richardson had been her attorney in this mortgage; that he had possession of the mortgage and collected all interest payments. She did not testify that she had given him no instructions to collect the

principal. The farthest that she went was that she did not know that suit to foreclose the mortgage had been brought. This might well be, even if she had authorized him to collect it. In addition, we have the fact that after she learned that suit had been brought and judgment obtained upon the mortgage she took no steps to repudiate or disavow the attorney's action in bringing suit upon the mortgage; on the contrary, on January 11, 1933, (six months after filing her answer to the rule to satisfy the judgment and mortgage) her present attorney, who occupies the offices formerly used by Richardson, and who, as notary public, took the affidavit filed by Richardson on her behalf, in the scire facias sur mortgage, entered a general appearance for her in the judgment. She cannot repudiate it in part and retain it in part. She cannot retain so much of his action as is to her advantage, to wit, the securing of the judgment, and repudiate what is to her disadvantage, namely, the collection of the principal of the judgment. To be consistent in her position she should have asked the court to vacate and set aside the judgment on the ground that the action of the attorney had not been authorized by her. The questions at issue could then have been determined on the trial of a scire facias sur mortgage sued out by her. An examination of the original record shows that the affidavit as to default and the real owner of the mortgaged premises, filed October 25, 1929, in the scire facias, was made by 'R. Bickstein' on behalf of the plaintiff and was taken before Leonard Rice, Notary Public, who now appears as her attorney. The record before us gives us no light as to who 'R. Bickstein' may be.

In view of all these facts, on the one side, and on the other, that the defendant's agent paid the money to Richardson without requiring him to satisfy the judgment, we are of opinion that this is not a case for

summary action by the court either in entering satisfaction or in refusing to do so; that the prima facie presumption of authority referred to by the Supreme Court in Miller v. Preston, supra, is at least sufficient to take the case to a jury; that an issue should be framed, and a jury trial had to determine whether the judgment on the scire facias and the mortgage on which it is based, should be satisfied; and this will depend on a finding, under the direction of the court as to the law, in the light of the evidence adduced on the trial, whether sufficient has been shown to overcome or rebut the prima facie presumption of authority to act for the plaintiff attending Richardson as an attorney at law in instituting proceedings for the foreclosure of the mortgage, and the obtaining of the judgment.

The assignment of error is sustained, the order of the court below is reversed, the record is remitted to that court with directions that an issue be framed in accordance with the views expressed in this opinion. Costs to await the result.