Zidek *v.* Forbes National Bank, Appellant.

Argued April 11, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*J. Wray Connolly*, with him *Moorhead & Knox*, for appellant.

*Samuel G. Wagner*, with him *Wagner & Wagner* and *Harry J. Benjamin*, for appellee.

OPINION BY ROSS, J., July 19, 1946:

On January 1, 1937, the plaintiff, Susan Zidek, received personal injuries in an accident involving a truck of the West Penn Power Company. Thereafter, she retained Elery Mahaffey, an attorney at law, and on November 4, 1937, executed a power of attorney authorizing Mahaffey to "either settle, adjust, enter suit, pursue said suit in the proper courts, or otherwise dispose of her claim against the West Penn Power Company . . .". Subsequently, Mahaffey, acting for and on behalf of the plaintiff under the power of attorney, made a settlement with the West Penn Power Company, which gave Mahaffey its check for $500.00, dated April 5, 1938, drawn upon the Union Trust Company of Pittsburgh, payable to the order of Elery Mahaffey, attorney at law, and Susan Zidek.

Mahaffey endorsed the check and also forged the endorsement of the plaintiff and thereafter negotiated the check with the Nixon Restaurant, received the proceeds thereof and absconded. The check was deposited with the Forbes National Bank by the Nixon Restaurant, one of its depositors, for collection as agent for it. The Forbes National Bank presented the check to the Union Trust Company of Pittsburgh and it was accepted and paid by the Union Trust Company, the entire proceeds being received by the Forbes National Bank. The amount thus paid was credited to the account of the Nixon Restaurant and was subsequently paid out by the defendant bank upon the order of the Nixon Restaurant. The plaintiff brought an action in assumpsit against the Forbes National Bank, the case was tried in the court below on an agreed statement of facts without a jury and the trial judge found in favor of the defendant; but after argument before the court en banc with the trial judge writing the opinion, judgment was entered in favor of the plaintiff, and this appeal followed.

In this case the plaintiff and payee, Zidek, had a right of action against the defendant bank, for where a bank receives a check bearing the forged endorsement of the payee, collects it and accounts for it to its depositor (not the payee) it is guilty of a conversion for which it is liable directly to the payee, either in trespass or assumpsit, even though the payee as such stood in no legal relation to the collecting bank at the time of the forgery. *Lindsley et al., Appellants, v. First National Bank of Philadelphia*, 325 Pa. 393, 190 A. 876.

The appellant contends that the power of attorney executed by the appellee authorized and empowered Mahaffey, her attorney, to endorse her name on the check along with his own signature, as joint payee, in order to reduce the check to cash and, consequently, a determination of this appeal depends upon a construction of the power of attorney.

The appellee retained and made Mahaffey her agent for a definite, specific purpose, i. e., to prosecute and dispose of her claim against the West Penn Power Company, and to carry out this purpose granted specific powers to him to "either settle, adjust, enter suit, pursue said suit in the proper courts or otherwise dispose of her claim against the West Penn Power Company . . .". These specific powers are not to be enlarged unless clearly so intended. *Culbertson v. Cook*, 308 Pa. 557, 162 A. 803.

In addition to these specific powers, the appellee gave to Mahaffey the power generally "to do all and every act and acts, thing and things, device and devices whatsoever needful and necessary to be done in and about the premises, for her and in her name to do, execute, and perform as large and amply, to all intents and purposes, as she might do or could do, if personally present." Unless otherwise agreed, general expressions in authorizing an agent are limited in application to acts done in connection with the act or business to which the authority primarily relates; and the specific authorization of particular acts tends to show that a more general authority is not intended. Restatement of the Law of Agency, Vol. I, sec. 37. Where the authorization grants specific powers and also a general power to do all things, the general power will be confined to the specific powers enumerated. *Mott v. Kaldes*, 288 Pa. 264, 135 A. 764. The power of attorney gives no specific authorization to Mahaffey to endorse negotiable paper on behalf of his principal and thereby impose liability on her as an endorser and such authority was not incident to the disposal of her claim against the West Penn Power Company. Unless otherwise agreed, an agent is not authorized to execute or endorse negotiable paper unless such execution or endorsement is usually incident to the performance of the acts which he is authorized to perform for the principal. Restatement of the Law of Agency, Vol. I, sec. 76. Therefore, we are of

the opinion that the authority of Mahaffey under the power of attorney was limited to the specific powers enumerated and those powers do not include the endorsing of the check involved in this case.

The appellant contends that the decision of this court in *Zidek v. West Penn Power Company,* 145 Pa. Superior Ct. 103, 20 A. 2d 810, judicially determined the authority of Mahaffey to endorse the check involved in this case and receive the proceeds thereof, but there is no merit to this contention. Although the same plaintiff, the same power of attorney, the same attorney and the same check were involved in the West Penn Power Company case as in the instant case, the former suit was brought against the tort-feasor, with which Mahaffey had been expressly authorized to negotiate, and we decided only the rights of the claimant (payee) and the tort-feasor (maker of the check) and not the rights of the payee against a collecting bank as in the instant case.

The fact that Mahaffey was the appellee's attorney at law as well as her attorney in fact is of no importance under the facts in this case. As stated by Chief Justice KEPHART in *Starling, Appellant, v. West Erie Avenue Building and Loan Association,* 333 Pa. 124, at page 126, 3 A. 2d 387, ". . . while an attorney, by virtue of his office, may have broader powers than the ordinary agent to bind his clients by admissions and acts in the course of suit or in the management of the regular course of litigation (*Swartz v. Morgan & Co.,* 163 Pa. 195; *Wilson v. Young,* 9 Pa. 101; *Lynch v. Commonwealth,* 16 S. & R. 368; *Cole v. National Casket Co.,* 101 Pa. Superior Ct. 207), such apparent or implied authority does not extend to unauthorized acts which will result in the surrender of any substantial right of the client, or the imposition of new liabilities or burdens upon him."

Judgment affirmed.