Sara SEYBERT and Samuel Seybert, her husband

v.

ROBERT LEE PONTIAC, INC.

v.

Florence RECH.

Civ. A. No. 30537.

United States District Court
E. D. Pennsylvania.
July 20, 1965.

8. As already noted we are particularly interested in N.Y. Penal Law § 722(2). See footnote 1, supra.

Marshall J. Seidman, Seidman & Rome, Philadelphia, Pa., for plaintiffs.

Harry Short, Jr., Liebert, Harvey, Herting & Short, Philadelphia, Pa., for Robert Lee Pontiac, Inc.

Henry J. Lotto, Philadelphia, Pa., for third-party defendant.

GRIM, District Judge.

Plaintiff, Sara Seybert, was injured when an automobile in which she was a passenger collided with another automobile. She, with her husband, Samuel Seybert, the other plaintiff, brought suit in this court against the driver of the other car who joined the driver of Mrs. Seybert's car as an additional defendant.

In the suit by the Seyberts they engaged Philadelphia lawyers, Dolnick and Gardner, Esquires, as their counsel, giving them a power of attorney "to institute and maintain an action against——— to recover damages for personal injuries and/or property damages sustained by me/us on the 9th day of October, 1961, or to effect an amicable settlement."

On November 20, 1961, counsel instituted suit in this court. On or about June 21, 1962, without prior consultation with or approval of the plaintiffs, counsel settled the case with the insurance companies involved and forged plaintiffs' signatures to two releases, one allegedly from plaintiffs to the original defendant in the sum of $3,500, and the other from plaintiffs to the third-party defendant in the sum of $1,800. Counsel delivered the forged releases to the insurance companies involved and obtained checks totalling $5,300, made payable to counsel and plaintiffs. Without consultation or approval from their clients counsel then forged endorsements on the checks and cashed them.

Counsel mentioned herein have been disbarred both in the Pennsylvania state courts and in this court, and apparently it will be impossible for plaintiffs to recover any of their money from their former counsel.

On February 14, 1963, counsel, Dolnick and Gardner, filed in this court a stipulation to dismiss plaintiffs' action with prejudice. This stipulation was executed by them and by counsel for defendant and counsel for the third-party defendant, both of whom had no knowledge or reason to believe that Dolnick and Gardner were acting improperly.

The present action is a motion to strike from the records the stipulation to dismiss and to reinstate the case for trial.

■■ The situs of all the operative facts was in Pennsylvania. Consequently, Pennsylvania law applies and Pennsylvania law seems to be against the plaintiffs. Zidek v. West Penn Power Co., 145 Pa.Super. 103, 20 A.2d 810 (1941), allocatur refused. Quoted favorably in Savidge v. Metropolitan Life Ins. Co., 380 Pa. 205, 211, 110 A.2d 730 (1955). This may seem like a most unjust result for these unfortunate plaintiffs, but, perhaps, they are not without remedy. See Zidek v. Forbes National

Bank, 159 Pa.Super. 442, 48 A.2d 103 (1946).

## ORDER

And now, this 20th day of July, 1965, the motion filed by plaintiffs on January 7, 1965 to strike the stipulation to dismiss this action and to restore this case to the trial list is denied.