## Holzman v. Slutter

*Thomas E. Mack* and *Clement E..Kisailus*, for plaintiff.

*Fahey & Casper*, for defendants.

BIGELOW, J., December 12, 1966.—Defendants have filed preliminary objections raising a question of jurisdiction seeking thereby to set aside service of the complaint and dismissal of the action for want of jurisdiction.

The cause of action arose in Lackawanna County as the result of an automobile accident in that county.

Defendants are residents of Monroe County. By decision dated October 14, 1965, service of the complaint on defendants by deputized service in Monroe County was set aside, but preliminary objections to the jurisdiction of this court were dismissed. The complaint was reinstated by praecipe filed January 21, 1966. The sheriff's return of service is endorsed as follows:

"I, Joseph J. Ustynoski do hereby accept service of the complaints in the captioned matter for Ruth D. Slutter and Roger Slutter.

"Jan. 21st 1966
"12:30 P. M.
"(s) Joseph J. Ustynoski"

The sheriff's return recites:

"I hereby certify and return endorsed hereon acceptance of service of the within Complaint in Trespass, by Attorney Joseph J. Ustynoski, for the within named defendants, Ruth D. Slutter and Roger Slutter.

"So answers,
"(s) Joseph Mock
"Sheriff
"By (s) Chester Krushefski
"Deputy"

The file in this case also contains an acceptance of service filed January 21, 1966, stating as follows:

"AND NOW, This 8th day of January, 1966, service of the within Complaint is hereby accepted by the undersigned on behalf of the Defendants.

"(s) Joseph J. Ustynoski
"Attorney for Defendants"

Defendants' present preliminary objections were endorsed with a notice to plead. The averments of the preliminary objections and plaintiff's answers thereto are as follows:

"1. On January 21, 1966, the Prothonotary of Luzerne County reinstated the Complaint filed in the above-entitled case.

"ANSWER: 1. Admitted.

"2. On January 21, 1966 at 12:30 P. M., Joseph J. Ustynoski accepted service of the said Complaint and endorsed his acceptance of service on the original of said Complaint.

"ANSWER: 2. Admitted.

"3. That the said Joseph J. Ustynoski had no authority from either Ruth D. Slutter or Roger Slutter to accept service of said Complaint.

"ANSWER: 3. Denied. The record of the case reveals that Defendant Ruth D. Slutter, a resident of Monroe County, instituted an action in trespass filed to No. 577, March Term, 1965, in Luzerne County by her attorney, Joseph J. Ustynoski. In a decision handed down by the Luzerne County Court in answer to prior Preliminary Objections questioning the jurisdiction of our Court Judge Edward P. Little, specially presiding Judge, in his decision stated, 'The institution of suit here (Luzerne County) by Ruth D. Slutter brings her within the jurisdiction of the Court of Luzerne County.' Therefore, since the parties are properly in the Luzerne County Courts, it is averred that proper service over them has been had by serving their attorney of record.

"4. That the said unauthorized acceptance of service is therefore invalid, and defendants are therefore not within the jurisdiction of the Court in these proceedings.

"ANSWER: 4. Denied. The acceptance of service by Attorney Joseph J. Ustynoski is not invalid since, pursuant to Judge Little's decision, the parties are properly before the Luzerne County Court for all matters arising out of this accident.

"5. The Court is requested to quash the reinstated Complaint and to strike from the record the acceptance of service and the Sheriff's return thereof.

"ANSWER: 5. The Court is requested to accept the reinstated Complaint and to deny Defendant's

prayer to strike from the records the Acceptance of Service and the Sheriff's return thereof".

As the objection here is to the manner of service, the reinstated complaint will not be dismissed: Holzman v. Slutter, 56 Luz. 85.

The question as to Attorney Ustynoski's authority to accept service for defendants must be resolved against plaintiffs. It is not averred by plaintiff that there is any attorney-client relationship between Attorney Ustynoski and Roger Slutter. It is averred by defendants that attorney Ustynoski commenced an action in trespass in the Luzerne County Court of Common Pleas filed to no. 577, March term, 1965, on behalf of defendant Ruth D. Slutter against John J. Putera and Morgan R. Davis. As defendants in the instant case are residents of Monroe County, and as the accident occurred in Lackawanna County, this service must stand or fall on the authority of Attorney Ustynoski. An attorney has no authority to accept service of process for his client in a suit other than that for which he was employed: 7 C. J. S. 905. Attorney Ustynoski was employed by defendant Ruth D. Slutter to prosecute her action filed to no. 577, March term, 1965, supra. Plaintiff herein avers no actual or specific authority in Attorney Ustynoski to perform any services whatever for either defendant herein in the instant case. In fact, Fahey & Casper have appeared for and represented defendants in this case.

"Where the purpose of the suit is to determine personal rights and obligations, the defendant must be served personally within the jurisdiction of the court in which the action is commenced, upon the person to be affected thereby": Foglia v. Miscuk, 110 Pitts. L. J. 337, 338.

We do not limit the authority, whether actual, apparent or implied, of an attorney to represent his client in the matters for which he is retained. However, where

new liabilities or burdens are involved, implied or apparent authority will not suffice: Zidek v. Forbes National Bank, 159 Pa. Superior Ct. 442, 446; Starling v. West Erie Avenue Building and Loan Association, 333 Pa. 124. No warrant of attorney having been pleaded authorizing counsel to accept service of this original process, we are unable to escape the conclusion that counsel had no authority to accept service and, therefore, we are compelled to strike this service.

ORDER

Acceptance of service on behalf of defendants Roger Slutter and Ruth D. Slutter hereby is stricken. Defendants' motion for dismissal of the action is denied.