1813.

WALSH
et al.
*v.*
NOURSE.

## MUSSINA *against* HERTZOG.

EXCEPTIONS by the plaintiff to a report of referees.

There were cross actions on the case between these par-
ties, who had been partners, and brought suit respectively in
this form, for matters arising out of unsettled partnership
transactions.

The present action was by amicable agreement to *July*
term 1812, whereby the parties submitted all matters in vari-
ance between them in this action, to *Peter Wiltberger, Tho-
mas Mifflin,* and *William Bethell,* who were " to hear the par-
" ties and their allegations, and determine the controversies
" between them, and their award or the award of any two of
" them to be final and conclusive; this reference to be under
" the act of 1705, and not subject to the provisions of the late
" arbitration laws. Report into office, and judgment."

On the 6th of *July* 1812, they entered into an additional
agreement. " According to our original agreement and un-

*Philadelphia,
Saturday,
January 9.*

An agreement
by rule of Court
to submit all
matters in vari-
ance to *A, B,*
and *C,* before
whom the par-
ties were to ap-
pear without
counsel, to
*waive all objec-
tions arising upon
legal grounds,*
and to let the
referees deter-
mine all matters
*justly, honestly,
and equitably,*
the report of a
majority of them
to be *final and
conclusive*—does
not preclude
either party
from filing ex-
ceptions to the
report.

" derstanding, we agree that we will appear before the re-
" ferees by ourselves, without the personal assistance of at-
" torney or counsel. And we further agree to waive all *ob-*
" *jections arising upon legal grounds,* and to let the referees
" determine all matters, claims and controversies whatever,
" that we may have each against the other, *justly, honestly*
" *and equitably,* and their report, or the report of a majority
" of them, to be *final and conclusive* upon us."

The referees having awarded in the plaintiff's favour, ex-
ceptions were filed; and a question preliminary to the merits,
was the right of the defendant to file them.

*J. R. Ingersoll* for the plaintiff, contended that by the
agreement of the 6th of *July* 1812, the award was not sub-
ject to exceptions; it was the same as if the parties had agreed
not to file exceptions.

*Phillips* and *Hopkinson* contra, argued that the terms *final
and conclusive* were not a bar, because every rule of court
contained them; they meant final and conclusive, subject to the
approbation of the Court; and the second agreement, was in-
tended merely to waive objections to the form of action,
which was case instead of account render, and in one of the
suits, damages were claimed for a cause of action local in its
nature, and which arose in *Louisiana.* Had the parties agreed
not to file an exception, this Court would have disregarded
the agreement. *Kyd on Awards,* 14, 20. *Kill* v. *Hollister* (a).
If the jurisdiction of this Court is not ousted by an engage-
ment to refer, as these authorities prove, neither can it be by
an agreement not to except.

*J. R. Ingersoll* in reply. Any man may waive a legal ad-
vantage. He may release errors, or he may stipulate not to
assign them; and surely the Court will hold him to his
agreement. Whether an agreement to refer, implies a nega-
tive, that he will not sue, has been the only question; but if
he covenants not to sue, he is certainly estopped. The only
point then is the true meaning of the last agreement; which
if any thing can imply a negative, does imply that the report
shall not be questioned.

(a) 1 *Wils.* 129.

TILGHMAN C. J. It is unnecessary to decide whether a party shall be permitted to except, after a plain and clear agreement not to file exceptions. That is not the present case. The first agreement is in the usual form, and neither party is barred by the terms *final and conclusive.* They are common to every rule of reference, and leave the report subject to the Court's opinion, upon exceptions duly filed. The second agreement, was no doubt made to obviate objections to the form of action, and the nature of the demand. These are the legal objections referred to; objections that might be taken before the referees. It goes no further than the former as to the conclusiveness of the award. I am of opinion that the defendant was intitled to file exceptions.

YEATES J. was of the same opinion.

BRACKENRIDGE J. If the defendant had agreed not to file exceptions, he would have been bound. The case is the same as if *A* promise to pay for a horse what *B* says he is worth. *Interest reipublicæ ut sit finis litium.* But it is a question of intention. Did the plaintiff so agree? I see nothing like it. There is enough for the agreement to operate upon, without precluding the defendant from filing exceptions.

The Court then proceeded to an examination of the merits, and

Set aside the award.