163  195
184  179

Swartz for use of Walter Stuart *v.* D. S. Morgan & Co. et al.

D. S. Morgan & Co.'s Appeal.    Walter Stuart's Appeal.

*Attorney-at-law—Authority to indemnify constable—Bond.*

An attorney-at-law employed to bring suit has implied authority to give a bond of indemnity to a constable in his client's name.

*Principal and agent—Authority to indemnify constable.*

A person employed and designated as "general agent" with authority to make collections both of cash and notes may direct an attorney to bring suit and to indemnify a constable by giving a bond in the name of his principal.

*Opening and striking off judgments—Practice.*

In the above case the attorney became one of the sureties on the indemnity bond. The agent told him his principals were "square" people and would take care of him. The attorney entered an appearance in the name of another attorney, but conducted the case himself. Judgment was subsequently entered for want of an affidavit of defence. *Held* that there was no such irregularity in the mode of entering the judgment as to justify the court in opening it, and as it was regular on its face it could not be struck off.

Argued April 23, 1894.    Appeals, Nos. 81 and 82, July T., 1893, from order of C. P. Cumberland Co., Sept. T., 1890, No. 99, opening judgment.    Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ.    Reversed.

Rule to open judgment.    Before SADLER, P. J.

The petition for the rule by D. S. Morgan & Co. averred:

"That one Jacob Swartz has recovered a judgment in the said court of common pleas to No. 99, Sept. Term, 1890, against D. S. Morgan & Co. and John T. Stuart and Walter Stuart for the sum of $300. That the summons in assumpsit issued on the 24th day of June, 1890, and was served personally upon John T. Stuart, and service was accepted for all the defendants named in the writ by J. Wilson Swartz as their attorney.

"That judgment was taken Sept. 2, 1890, by plaintiff for want of an affidavit of defence, for said sum of $300, and fi. fa. to No. 22, May Term, 1891, was issued, and the money paid by Walter Stuart.

" The petitioners aver that they had no notice of the issue of said summons, or the acceptance of service by the said Swartz, until recently.    That the said Swartz was not retained or employed by them in any manner or form, and his appearance wholly unauthorized by the petitioners, or any one on their behalf.

" That the said judgment by default was therefore illegal and void as to your petitioners and should be stricken off.

" That this is the first opportunity that your petitioners have had to bring the matter before. the court, as they were wholly unaware of the existence of said judgment until recently.

" That they have a perfect defence to any action the said Jacob Swartz might have against them, and had they known of the action, could in their belief successfully defended the same.

" That the said Jacob Swartz claimed his right of action in said suit on an indemnity bond that was in fact never executed by them, that is D. S. Morgan & Co., or any one by or with their authority; had no right of action against the petitioners."

The answer of Walter Stuart averred :

" It is not true as alleged in the petition that the indemnity bond upon which above judgment is founded was never execut-ed by or with the authority of D. S. Morgan & Co.   Said bond was executed by said D. S. Morgan & Co., by John T. Stuart, Esq., their attorney, and the name ' D. S. Morgan & Co., per J. T. S. Atty.,' is affixed to the bond.   John T. Stuart, Esq., was a practicing attorney at law in the county aforesaid and was employed as attorney for D. S. Morgan & Co., in a judg-ment in their favor against T. R. Neidig for $126.26, with in-terest from Oct. 14, 1887, on the docket of Shryock, J. P. An execution was issued thereon in October, 1887, and certain goods purporting to be owned by defendant, T. R. Neidig, were seized by Jacob Swartz, constable, to whom said execution had been committed, and the ownership of the goods so levied upon was claimed by one H. Neidig to be in him.   The constable, Jacob Swartz, demanded of D. S. Morgan & Co., through their attorney, John T. Stuart, Esq., a bond of indemnity to protect him from loss and damage by reason of the execution aforesaid, and refused to proceed further or to make sale of the goods levied upon unless such bond was given to him.   John T. Stu-

art, Esq., immediately communicated upon the subject with Thos. A. Correll, who was the general agent of D. S. Morgan & Co., and who represented them in the collection of the claim against T. R. Neidig, and received from him the following response :

"'D. S. Morgan & Co. v. T. R. Neidig.

"HARRISBURG, Pa., Oct. 27, 1887.

"'My Dear Sirs:

"'Please indemnify the constable, and D. S. Morgan & Co. will hold him harmless.

"'Very truly yours,

"'THOS. A. CORRELL,

"'STUART & STUART, ESQS.,            General Agent,

"'Carlisle, Pa.       D. S. MORGAN & Co.'

"John T. Stuart, Esq., who was the senior partner of the said firm of Stuart & Stuart, thereupon executed in the name of D. S. Morgan & Co. the bond of indemnity referred to above, and the same was delivered to Jacob Swartz, constable, and it was in a suit upon said bond that above judgment, No. 99, Sept. Term, 1890, was obtained.

"An execution was issued thereon and the amount of debt, interest and costs due, viz: $351.97, was, on June 15, 1891, paid by the bondsmen and marked for their use, and the judgment and execution now stand for the use of the deponent.

"After the bond of indemnity aforesaid had been delivered to Jacob Swartz, constable, he proceeded with the execution in his hands and made the money thereon, and the amount due D. S. Morgan & Co., viz: $126.76, was, on Nov. 26, 1887, paid over to John T. Stuart, Esq., and by him, through their proper representative, to D. S. Morgan & Co.

"In the suit No. 99, Sept. Term, 1890, on June 28, 1890, John T. Stuart, Esq., made an indorsement as follows on the summons :

"'June 28, 1890, I hereby appear for and accept service for defendants within named.

"'G. WILSON SWARTZ, Att'y for Def'ts.'

and the sheriff's return was 'served personally and by certified copy on John T. Stuart, together with copy of plaintiff's state ment. Service accepted as per indorsement for D. S. Morgan & Co., and Walter Stuart, Jr.'

" G. Wilson Swartz was a young attorney recently admitted to the bar, who had his office in the office of Stuart & Stuart, and his name was signed to said indorsement by John T. Stuart Esq., but as a matter of fact John T. Stuart, Esq., continued to act as attorney for D. S. Morgan & Co. and considered the said appearance and acceptance of service in all respects as if he had signed his own name thereto instead of the name of G. Wilson Swartz, and the appearance and acceptance of service was really by John T. Stuart, Esq.

" Deponent further represents that he received no benefit or advantage of any kind by reason of his becoming bondsman as aforesaid, that by reason of said bond D. S. Morgan & Co. have realized their claim in full against T. R. Neidig and have received and kept the money, yet deponent has been compelled to pay the amount of debt, interest and costs recovered on said bond, viz: $351.97.    That said sum with interest from June 15, 1891, is justly due and owing to him by D. S. Morgan & Co., and he therefore prays that the rule to show cause why, etc., shall be discharged at the cost of said firm."

Other facts appear by the opinion of the Supreme Court.

Rule to open judgment absolute.

*Error assigned* by Walter Stuart was in opening judgment.

*Error assigned* by Morgan & Co. was in not striking off judgment.

*E. W. Biddle*, for appellant, Walter Stuart.—D. S. Morgan & Co. were liable upon the bond: Williams v. Getty, 31 Pa. 461; Loudon S. F. Soc. v. Hagerstown S. B., 36 Pa. 498 ; Adams Express Co. v. Schlessinger, 75 Pa. 246 ; Parker v. Ins. Co., 129 Pa. 583 ; Steamboat Co. v. Brown, 54 Pa. 77 ; Clark v. Randall, 9 Wis. 135 ; Schoregge v. Gordon, 29 Minn. 367.

D. S. Morgan & Co. were bound by the appearance and acceptance of service which was signed " G. Wilson Swartz, Atty. for defendants : " Mechem on Agency, § 718.

*J. W. Wetzel*, for appellant, D. S. Morgan & Co.—The judgment should have been stricken off, not opened : Bank v. James, 152 Pa. 364.

STUART'S APPEAL.

OPINION BY MR. JUSTICE MITCHELL, July 12, 1894:

The petition of the defendants to have the judgment struck off as to them, avers that they had no knowledge of the suit, and the appearance of Swartz for them was unauthorized; that they had a good defence, based on the fact that they did not execute the bond on which judgment was obtained. The testimony of defendants' secretary, taken on the rule, shows that these are meant to be technical averments, and are only true in the letter.

An attorney employed to bring suit, has authority to take all the steps necessary in the regular course of litigation. Thus it has been held that he may enter an amicable action, Cook v. Gilbert, 8 S. & R. 567; he may agree to the reinstatement of an action against his client after it has been nonsuited, Reinholdt v. Alberti, 1 Bin. 469; and he may refer it to arbitrators with an agreement that their award shall be final, Wilson v. Young, 9 Pa. 101. In the last case it was said that "in Pennsylvania the authority of an attorney is more extensive than in other countries; and indeed it would be difficult to point out any matter or thing in the legitimate conduct of a suit to judgment which he may not do." And if he assumes expense or liability for his client he is entitled to be made whole by any regular means. Thus in McDaniels v. Cutler, 3 Brews. 57, an attorney having issued an execution was met by a claim of a third party on the goods, and thereupon, without any express authority from his client, indemnified the sheriff and the execution proceeded. Being then sued for trespass, he sent a demand to his client for indemnity, to which no reply was made, and a bill being subsequently filed by the client against him for an account, this court held that he was entitled to be reimbursed his expenses in defending the trespass.

In the present case, Mr. Stuart having obtained a judgment in favor of Morgan & Co. against Neidig, and issued execution thereon, was asked by the constable for indemnity. It has been held that an attorney for a non-resident client has implied authority to give such a bond in his client's name: Clark v. Randall, 9 Wis. 135; Schoregge v. Gordon, 29 Minn. 367. It is not necessary for us to go so far, or to consider the point, as Stuart was expressly authorized by Correll to give the indem-

nity on behalf of Morgan & Co.   This raises the chief question in the case, the authority of Correll to act for Morgan & Co. in the matter.   The depositions show that he called himself " general agent," with their authority, for they furnished him bill heads in which he is so described.   His apparent authority therefore extended to the management of all their business within the district to which he was assigned.   But without entering upon that question he had authority in fact to make collections both of cash and of notes, from the local agents, and from purchasers of machines.   The only restrictions the secretary of Morgan & Co. mentions, are that Correll's collections were to be sent as fast as made to the home office, and he was not to keep a bank account with Morgan & Co.'s money.   All the notes, the secretary says, were made in the name of Morgan & Co.   In collecting them Correll necessarily had to use Morgan & Co.'s name, and had their authority to take all necessary and usual steps for the purpose.   In retaining Mr. Stuart therefore to collect the claim againt Neidig, Correll was within his actual authority, and it extended to directing him to give an indemnity bond to the constable in furtherance of the execution, on which Morgan & Co. should be liable.   Being given by direction of their agent with their authority in fact, Morgan & Co. were as much bound by it as if they had executed it themselves.   Whether they knew it was given or not was immaterial.   They knew that Neidig's account was in arrear and unpaid, and afterwards that it had been paid, that their agent was attending to the collection, and that he sent them the money after deducting the fees of Mr. Stuart and Mr. Chamberlain for collection.   If they did not choose to inquire what the deductions were for, or by what steps their agent had finally got the money, their ignorance was their own fault.

There being therefore no defence shown on the merits, to the liability of defendants on the indemnity bond, we have further to consider whether there was any irregularity in the mode of entering the judgment.   Correll had notice of the suit, and his reply to Stuart, " Morgan & Co. are square people, and we will take care of you," shows that he knew the ultimate liability of his principals to save the bondsmen harmless, and acquiesced in what Stuart was doing in the action.   Stuart of course had the right to appear for himself and his co-surety, and the notice

to Correll, and his conduct on receiving it are convincing evidence of his consent to Stuart's acting for Morgan & Co. also. That Stuart, for professional reasons, entirely proper, preferred to have the appearance, in a case to which he was a party, entered in the name of another attorney, is of no importance at all. There was no delegation by him of discretion or of authority, he conducted the case himself, and that he did so in the name of Mr. Swartz was a difference of form, not of substance.

There was no sufficient ground for opening the judgment. It was regular on its face, and the evidence shows no defence to it on the merits.

Order opening judgment reversed and rule discharged.

### MORGAN'S APPEAL.

OPINION BY Mr. JUSTICE MITCHELL, July 12, 1894:

This judgment being regular on its face, and the objection that the appearance for defendants was unauthorized, not being admitted, the judgment could not be struck off, but could only be opened, and the disputed fact sent to a jury. But for reasons expressed in the opinion filed herewith, in the appeal by plaintiff from the same order, it is not a case even for opening the judgment.

Appeal dismissed.