## Cole v. National Casket Company, Inc. et al., Appellant.

Argued October 9, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*Irwin F. Holt,* and with him *Ralph N. Kellam* and *J. Webster Jones,* for appellant.

*Herman J. Tahl,* for appellee.

*Warwick Potter Scott,* for additional defendant.

OPINION BY GAWTHROP, J., December 27, 1930:

Plaintiff started in the court below two independent suits in trespass against the National Casket Company and the Philadelphia Rapid Transit Company to recover damages for personal injuries resulting from a collision between a truck of the Casket Company and a trolley car of the Transit Company, in which she was a passenger. Subsequently, November 12, 1929, the Casket Company filed in the suit against it a suggestion that the Transit Company "is liable over to the defendant herein, or is jointly and severally liable with it" for the cause of action declared on and caused to be issued therein a writ of scire facias against the Transit Company, which recited that the defendant "prayed for a proper remedy so that further proceedings may be had in said action with the same force and effect as if such other party had been originally sued," and commanded the Transit Company to appear and show cause why it should not be made party defendant in the action. In this procedure defendant was undertaking to exercise its rights under the Act of April 10, 1929, P. L. 479. The Transit Company was duly served and appeared to the action, but did not file an affidavit of defense or answer to the scire facias. No issue was raised between the two defendants. The learned trial judge states in his opinion that when the case came up for trial it was learned that the decision of the Supreme Court in Vinnacombe v. Phila. & Am. S., 297 Pa. 564, relating to the Sci. Fa. Act of 1929, supra, had been handed

down the preceding day, but no copy thereof was available at the time; that he and "counsel for all the parties held a side bar conference and it was agreed by all counsel in interest that the case be proceeded with at once, and be tried and determined irrespective of the contents of said decision, in the same manner as if this plaintiff had originally sued both defendants ...... in a single suit," and that "counsel also agreed that it was unnecessary to reduce the agreement to writing and incorporate same in the record of the case," and that thereupon the trial proceeded. The record of the trial shows that at the conclusion of plaintiff's testimony the trial judge dismissed the suit as to the Transit Company and the trial proceeded against the original defendant, which appeals from the judgment entered on the verdict against it.

Two questions are raised, the principal one being stated in appellant's brief as follows: "Where the original defendant had brought upon the record by scire facias an additional defendant, alleging the additional defendant was jointly or severally liable on the cause sued upon, was it error for the trial judge to grant the additional defendant's motion for binding instructions at the end of the plaintiff's testimony, without receiving any testimony offered on behalf of the original defendant?" Appellant's contention is that the Act of 1929, supra, gave it the substantive right to have the jury hear and consider such evidence as it could submit on the question whether the additional defendant was jointly liable with it to plaintiff. It relies upon the Vinnacombe case and First National Bank v. Baird, 300 Pa. 92, as authorities sustaining this proposition. This contention would have merit if any issue between the original defendant and the additional defendant were being tried. The opinion of Mr. Justice SIMPSON, who spoke for the court in

the Vinnacombe case, states that where issues of fact between two defendants are raised by the scire facias and the proceedings following it, they are to be tried at the same time as the issues between the original parties are tried. Be that as it may, our view is that the question, what issue or issues were tried in the court below, must be regarded as determined by the trial judge. His statement in his opinion that the case was tried as a joint suit against both defendants is in accord with that of counsel for plaintiff and the additional defendant. In dismissing the suit as to the Transit Company, the learned trial judge followed the procedure authorized by the Joint Suit Act of June 29, 1923, P. L. 981, which provides that whenever joint liability is pleaded and the trial judge is of opinion that the evidence does not justify a recovery against some of them, the suit may be dismissed as to him or them and the trial proceed against the other with the same effect as if the defendants ultimately found to be liable were the only ones alleged to be so. See Gable v. Yellow Cab Co., 300 Pa. 37, and Cleary v. Quaker City Cab Co., 285 Pa. 241, and cases there cited. It was expressly admitted by counsel for appellant in his brief in the court below and at the bar of this court that plaintiff's testimony contained no evidence of negligence that would have sustained a verdict against the Transit Company.

The suggestion in appellant's supplemental brief that its counsel had no authority to make the agreement to try the case as a joint suit against both defendants and thereby release its substantive rights under the Act of 1927, supra, is without merit. The authority of an attorney of record extends to everything necessary to the protection and promotion of the interests entrusted to his care so far as they are affected by the proceedings in the court where he represents his client. He may enter into stipulations

and agreements in all matters of procedure during the progress of the trial: 2 R. C. L. 986, 989. "In Pennsylvania the authority of an attorney is more extensive than in other countries; and indeed it would be difficult to point out any matter or thing in the legitimate conduct of a suit to judgment which he may not do": Wilson v. Young, 9 Pa. 101, cited with approval in Swartz v. Morgan & Co. et al., 163 Pa. 195, 199.

At the trial Warwick Potter Scott counsel for the Transit Company, was called as a witness by appellant. He was asked whether he knew of any agreement between plaintiff and the Transit Company with reference to a release of liability of the Transit Company. The witness answered that he had complete knowledge on the subject, and that no such agreement of any kind was entered into. The purpose of this examination was to show a release of appellant's joint tort-feasor. Subsequently, the witness was asked whether there was any agreement as to whether the claim would be pressed against the Transit Company if the witnesses of the Transit Company testified for plaintiff. The witness stated that he had already answered the question, and the court agreed with him and refused to permit the witness to answer the question. Complaint is made of that ruling. It is so devoid of merit that discussion is unnecessary.

The assignments of error are overruled and the judgment is affirmed.