Grocery and Food Warehousemen Local Union
No. 635, Appellant, *v.* Kroger Co.

.Argued November 17, 1949. Before MAXEY, C. J.,
DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Ben Paul Jubelirer,* for appellant.

*Nicholas Unkovic* and *C. J. Petzhold,* with them *W. D. Armour, Reed, Smith, Shaw, & McClay, Frost & Jacobs* and *Richard V. Runyan,* for appellee.

OPINION BY MR. JUSTICE JONES, January 3, 1950:
The questions originally raised in the court below by the petitioning union were (1) whether retirement for age, under the respondent-company's unilaterally established compulsory retirement plan, of an employee who was a member of the union constitued an unjust discharge within the contemplation of an existing collective bargaining agreement between the union and the company and (2) if it did, whether it presented an arbitrable issue under the terms of the bargaining agreement. The opinion of the learned court below so fully justifies its denial of the petition for arbitration that nothing need be added here to what is so clearly set forth in the opinion for the court en banc.

There is, however, the further contention which the appellant-union urges upon us, viz., that the court below erred in failing to proceed summarily, in accordance with Sec. 3 of the Arbitration Act of April 25, 1927, P. L. 381, No. 248, 5 PS §163, to a trial of the issues whether the union and the company had made an agreement to arbitrate and, if so, whether the company had neglected and refused to perform such agreement. In order to expedite final disposition of the controversy, counsel for both parties to the record stipulated in writing, which was duly filed in the proceeding in the court below, that "... this Court en banc shall determine all issues upon the pleadings, depositions, and excep-

tions to the depositions, heretofore filed, and make an order either directing the proceedings shall be dismissed or an order directing the parties to proceed to arbitration, reserving to each party, however, the right of appeal." The court, thus authorized by the plain and unambiguous stipulation of the parties, was fully warranted in proceeding to an adjudication and appropriate disposition of the petition for arbitration. The question of procedure under the statute was never raised prior to the entry of the final order by the court en banc. It was then too late for the petitioner to complain of alleged noncompliance with procedural provisions,— a circumstance that was due entirely to the stipulation wherein petitioner's counsel had general authority to enter.

In speaking of the implied authority of an attorney at law in Pennsylvania, this court said in *Wilson v. Young,* 9 Pa. 101, 102 (1848), that ". . . indeed it would be difficult to point out any matter or thing in the legitimate conduct of a suit to judgment which [the attorney] may not do. . . . There is nothing whatever in the argument, that he cannot be allowed to deprive his client of the right of trial by jury; because no one doubts his authority to make an issue in law, by interposing a general demurrer, and thus devolve the decision upon the court, without the intervention of a jury." The foregoing statement in *Wilson v. Young,* supra, was quoted from with approval in *Swartz v. D. S. Morgan & Co.,* 163 Pa. 195, 199, 29 A. 974, and in *Cole v. National Casket Company, Inc.,* 101 Pa. Superior Ct. 207 212. Specifically, an attorney may enter into stipulations and agreements in all matters of procedure during the progress of the litigation: 2 R. C. L. §68, p. 989; cf. *Mary Ann Long's Appeal,* 92 Pa. 171, 174-175, 180. See also 7 C. J. S. §100, p. 917; *Huffman's Estate (No. 2),* 349 Pa. 21, 23, 36 A. 2d 639; and *Levin v. Fourth Street National Bank,* 277 Pa. 350, 354, 121 A.

105. In fact, it has been held that, in proceedings before a court of record, the apparent authority of an attorney engaged therein is so broad, so far as the court and opposing parties are concerned, as to be plenary in its nature: *In Re Level Club, Inc.*, 46 F. 2d 1002, 1003 (U.S.D.C.N.Y.). Counsel for the petitioner competently agreed to the adoption of a legally permissible and expeditious mode of procedure, wherein he fully participated, and he will not be heard to complain, after the court's entry of a final order, that other procedure was not followed.

Order affirmed.