**AMERICAN STORES COMPANY,**
Plaintiff,

v.

**Richard L. JOHNSTON,** Deputy Trustee of Retail Clerks' International Association, Local 1245; Fred A. Ammond, Vice President of Retail Clerks' International Association (AFL-CIO), as Trustee of Retail Clerks' International Association, Local 1245; Retail Clerks' International Association (AFL-CIO), an unincorporated association; and Local Union 1245 of Retail Clerks' International Association (AFL-CIO).

United States District Court
S. D. New York.

March 18, 1959.

274

276

Conboy, Jewitt, O'Brien & Boardman, New York City, for plaintiff.

Vladeck & Elias, New York City, for defendants.

BICKS, District Judge.

In an action by plaintiff-employer for a declaratory judgment pursuant to 28 U.S.C.A. § 2201[1] the defendant-Union has moved for summary judgment upon the following undisputed facts: On December 1, 1946 the plaintiff (hereinafter referred to as the Company) instituted an Employee Retirement Plan which provided for both employer and employee contributions toward a retirement pension fund, the Company's obligation being to contribute approximately twice that of the employees. In addition the

entire cost of retirement income for past services, over 3 million dollars, was also paid by the Company. On December 30, 1946, Peter F. Wendel, an employee, voluntarily joined the plan by executing a form entitled "Acceptance and Payroll Deduction Authority" which authorized deductions from his earnings of amounts sufficient to cover his contributions under the group annuity contract. The plan provided that "each member shall retire on his normal retirement date, to wit, the first day of the month following his sixty-fifth birthday." Wendel reached his sixty-fifth birthday on March 12, 1958 and pursuant to the provision of the Plan retired as of April 1, 1958. He has since received the prescribed retirement benefits. Notwithstanding that the Company has pursued a consistent policy of retiring employees at age sixty-five and, in accordance with the Plan, had previously retired fifty-four employees belonging to defendant Local 1245, the Union nevertheless, on the occasion of Wendel's retirement, informed the Company that it considered the retirement an improper discharge contrary to the terms of the collective bargaining agreement then in force.[2] The Company refused to acquiesce in the Union's demand for arbitration contending that the retirement of an employee pursuant to the above mentioned plan was not within the scope of the arbitration clause contained in the agreement between the parties.[3]

[1]. Jurisdiction is founded upon 29 U.S.C.A. § 185(a), the Labor Management Relations Act of 1947, and 28 U.S.C.A. § 2201.

[2]. That agreement provides:
"Section 9. The Employer shall have the right to discharge any employee who is a member of the Union, for good and sufficient cause, provided, however, that no member of the Union shall be discharged or discriminated against because of membership in the Union, or legitimate Union activities.
"Section 10. * * * the Employer may make such layoffs or separations from his service as it may find necessary for the operation * * * [of its business]."

[3]. The arbitration provisions are as follows:
"Section 4. Should it be found impossible to arrive at a mutually satisfactory adjustment of any grievance, it will then be turned over to a Board of Arbitration * * *"
"Section 8. * * * It is mutually agreed by the parties to this Agreement that there shall be no strike, lockout, or stoppage of work during the life of this Agreement, and that any differences or misunderstandings that may arise between the contracting parties shall be amicably adjusted by and between the parties themselves, and if the parties themselves cannot amicably adjust the differences, then the matter shall be referred to a Board of Arbitration, as provided in Section 4 hereof."

The suit *sub judice* followed.

The issues raised by the motion for summary judgment are (i) whether the retirement of an employee consistent with the Employee Retirement Plan constitutes an arbitrable dispute under the collective bargaining agreement between the parties and (ii) whether that issue, i.e. arbitrability, is to be determined by the Court as a matter of contract interpretation or by the arbitrators themselves. The problems will be treated in inverse order.

■ The cases have almost uniformly held that, absent clear evidence of a contrary intent, the question of arbitrability *vel non* is to be judicially determined. Only where the parties have unequivocally expressed a desire that the arbitrators shall determine their own jurisdiction will that issue be withdrawn from the Courts. Lodge No. 12, District No. 37, International Association of Machinists v. Cameron Iron Works, Inc., 5 Cir., 1958, 257 F.2d 467, 470; Engineers Ass'n v. Sperry Gyroscope Co., 2 Cir., 1957, 251 F.2d 133, 137; Local No. 149, etc. v. General Electric Company, 1 Cir., 1957, 250 F.2d 922, 930; Local 205, etc. v. General Electric Company, 1 Cir., 1956, 233 F.2d 85, 101. The contract provisions here make no attempt to reserve to the arbitrators said determination so that the Court must consider whether the facts before it constitute an arbitrable dispute.

■ We proceed then to determine whether a retirement pursuant to a voluntary retirement plan under the circumstances here presented constitutes an arbitrable dispute. The facts detailed above suffice to indicate that the Union's claim of arbitrability herein is patently baseless. It has shown no circumstances which would warrant a finding that a uniform, consistent, and non-discriminatory application of a voluntary employee retirement plan is tantamount to an un-just discharge or improper layoff within the meaning of the collective bargaining agreement. See General Electric Co. v. United Electrical Radio & Machine Workers, etc., Sup.1949, 196 Misc. 143, 91 N.Y.S.2d 724; American Federation of Grain Millers, Local No. 110, A.F. of L. v. Allied Mills, Inc., Sup.1949, 196 Misc. 517, 91 N.Y.S.2d 732; Grocery and Food Warehousemen, Local Union No. 635, etc. v. Kroger Co., Sup.1950, 364 Pa. 195, 70 A.2d 218. Cf. United States Steel Corp. v. Nichols, 6 Cir., 1956, 229 F.2d 396, 56 A.L.R.2d 980; United Protective Workers of America v. Ford Motor Co., 7 Cir., 1952, 194 F.2d 997; Bakery & Confectionary W. I. U., etc. v. National Biscuit Co., 3 Cir., 1949, 177 F.2d 684. Indeed, for over a period of twelve years during which fifty-four employees were retired and several new collective bargaining agreements negotiated, the Union never challenged the Company's retirement policy.[4]

■ If uniform practice, long continued, can settle the construction of an instrument, most certainly it has done so in this case. It fairly appears that the parties did not consider the retirement plan a subject of their negotiations, nor did they view retirement thereunder as a discharge or layoff within the meaning of the contract which could give rise to an arbitrable dispute. This new construction which the Union seeks to place upon the collective bargaining agreement is unsupported and unwarranted. When it appears that a claim of arbitrability is frivolous or patently baseless it would be an abuse of the arbitration process and would defeat the contractual intent of the parties to compel arbitration. See Local 205, etc. v. General Electric Company, supra, 233 F.2d at page 101. The defendant's motion is, accordingly, denied.

The determination of the defendant's motion necessarily disposes of the issues

---

4. Butte Miners Union No. 1, etc. v. Anaconda Company, D.C.D.Mont.1958, 159 F. Supp. 431, relied on by the Union, is therefore inapposite, since in that case the employees whose services were terminated were not eligible for pensions under the pension agreements and in each instance where such termination occurred the Union promptly registered its grievance.

raised by the complaint. Judgment for the plaintiff will, and hereby is granted, pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., declaring that Wendel's retirement pursuant to the plaintiff's Employee's Retirement Plan is not a dispute subject to arbitration under the collective bargaining agreement in force between the parties on October 20, 1958, the date of filing of the complaint herein.

So ordered.