TELEVISION PROGRAMS INTER-
NATIONAL, INC.

v.

U. S. COMMUNICATIONS OF
PHILADELPHIA

and

U. S. Communication Corporation

and

WPHL–TV, Inc.

Civ. A. No. 71–3117.

United States District Court,
E. D. Pennsylvania.

Jan. 18, 1972.

Perry Bechtle, Philadelphia, Pa., for plaintiff.

Gregory M. Harvey, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

The plaintiff entered into an exclusive licensing agreement with defendants whereby plaintiff would supply "certain animated cartoon characters and films" for which defendant would pay certain license fees. The plaintiff has purported to terminate this license agreement with the defendant or defendants because of alleged failure to pay license fees required under the agreement. The plaintiff here seeks to enjoin the defendants from exhibiting, using, advertising or otherwise doing any act inconsistent with the plaintiff's property right in the licensed material, seeks a return thereof from plaintiff and seeks "monetary damages". It does not seek the license fees allegedly unpaid. Defendant, WPHL–TV, Inc., has filed a motion for a stay of proceedings pending arbitration, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq.

Paragraph 19 of the License Agreement provides as follows:

"19. ARBITRATION: Any and all disputes which shall arise from this agreement, its interpretation or performance, shall be submitted to arbitration in New York, N. Y. under the then current rules and regulations of the American Arbitration Association, and the decision of the arbitrators shall be binding and conclusive upon both parties, except that at the sole discretion of the Distributor, Distributor may take such action as it may desire to enforce payment of license fees."

Except "to enforce payment of license fees" the arbitration clause covers "any and all disputes which shall arise from

this agreement, its interpretation or performance". Thus, the language of the arbitration clause is much broader and more inclusive than that being construed in Bruno v. Pepperidge Farm, Inc., 256 F.Supp. 865 (E.D.Pa.1966), principally relied upon by the plaintiff in resisting the defendants' motion for stay pending arbitration. In *Bruno* the arbitration clause was limited, in the event of dispute, to determining "the fair market value of" the franchise "on the termination date" thereof. The Court repeatedly so stated. At page 868, it stated:

"The clause, by its express terms, is limited to valuation of the franchise."

At page 868, it again stated:

"Under these circumstances, it would be unreasonable to surmise that it was intended to function *beyond its rather limited scope*". (Emphasis ours)

At page 869:

"The provision speaks for itself. It implies that the only rights relinquished are those which would otherwise exist for termination without cause."

And again at page 869:

"[I]t is clear that the *only* right relinquished under paragraph nineteen of the agreement was the right to litigate the *issue of valuation* of the franchise." (Emphasis ours)

On the contrary, paragraph nineteen of the License Agreement here in question provides for the arbitration of *"any and all disputes which shall arise from this agreement,* its interpretation or performance * * *"*. (Emphasis ours)

Plaintiff's reliance upon *Bruno* is misplaced.

True, as stated in *Bruno,* it is the Court's primary duty to ascertain whether the matter at issue was intended to be arbitrated. We must do so in the light of the broad language contained in the arbitration clause and the circumstances surrounding its formation and execution. It is represented and undenied that the plaintiff drafted the contract, including the arbitration clause, and thus provided for arbitration in'

New York, where plaintiff is organized and has its principal place of business.

Additionally, the language here used in the arbitration clause is similar to the broad language used in Necchi Sewing Machine Sales Corp. v. Sewline Co., 194 F.Supp. 602 (S.D.N.Y.1960) and Saucy Susan Products, Inc. v. Allied Old English, Inc., 200 F.Supp. 724 (S.D.N.Y.1961) both of which were distinguished in the *Bruno* case, 256 F.Supp. at 868.

Plaintiff further contends that the defendants' claim of arbitrability is frivolous and patently baseless and that it would be an abuse of the arbitration process and defeat the contractual intent of the parties to compel arbitration. American Stores Company v. Johnston, 171 F.Supp. 275 (S.D.N.Y.1959). That case involved a collective bargaining agreement and sought arbitration as to a retirement practice or policy which had been consistently followed by the employer for over twelve years, involving fifty-four employees, during which period new collective bargaining agreements had been negotiated in which the policy went unchallenged. It does not support the plaintiff's allegation of frivolity. It is inapposite.

The plaintiff's purported or attempted termination or rescission of the agreement, pursuant to the provisions of paragraph fourteen thereof, will not avoid the broad language of the arbitration clause here involved. Lawrence Co. v. Devonshire Fabrics, Inc., 271 F.2d 402, 411 (2d Cir. 1959). Any doubts as to construction must be resolved liberally in favor of arbitration to accord with the original intention of the parties and the policy of the courts. Lawrence Co. v. Devonshire Fabrics, Inc., *supra*, 410; Bruno v. Pepperidge, *supra*, 256 F.Supp. 867:

"If a recalcitrant party could avoid his previous agreement by the simple expedient of calling upon the general equity powers of the court, the federal policy in favor of liberal interpretation and application of arbitration clauses would be too easily frustrated."